Judge Underwood
delivered the opinion of the Court.
The appellant’s intestate, in his lifetime, purchased a'quantity of drugs and medicines in Philadelphia, for the appellee and defendant in the circuit court.
It appears from a letter-of the defendant, directed to the intestate, that there was money owing to the defendant,-in Culpepper county, Virginia; and which, the defendant contemplated, should be collected by the intestate, and laid out in the purchase of the ¿rugs and medicines, for the.defendant. The letter, anticipating a possible failure, in'getting the money, says: “But, if you should not collect the money, and can be assured df it this fall, you can make the purchase, and I will (if Providence pleases) go in this fall, late, collect the money, and Jill the engagement; otherwise, you, if agreeable, can recommend me to the most approved apothecary, for honesty and integrity, making this arrangement, that as fast as the medicine can be cashed, it shall be transmitted to'him.”
It is obvious, from the foregoing extract, that the defendant expected the plaintiff’s intestate, to obtain for him, a stock of drugs and medicines, whether the money was collected in Culpepper, or not. It js *154 equally clear,' from the request, that the intestate should recommend the defendant to an apothecary, that such recommendation might amount to a guaran-to pay, or secure the'-payment, of the amount of the' debt contracted, for the medicine, Which the intestate should purchase for the defendant. Drugs and medicines were purchased on credit, for the defendant, to "the value of $600, according to the apothecary’s bill,'which was'made out in the name of the defendant, as though the sale had been made directly to him. - The defendant received the drugs and me'di-cines, from the plaintiff’s intestate, and vended some of them, at a large profit, and made use of the rest, as &■'physician,' in the course of his practice. ’The plaintiff’s intestate paid for them to the apothecary, in Philadelphia, and having died,' his personal representative,'instituted-an action of assumpsit, against the defendant, for money lent and advanced, laid out and expended, to his -use, and at his request, by the Intestate.
Upon the trial, all the foregoing facts were proved. The evidence having been concluded, the defendant moved the court to instruct the jury to find,as in case of a non suit. The court gave the instruction, upon the ground, that the plaintiff’s intestate had no au-tharity from the defendant, to pay the apothecary; that the plaintiff’s intestate was not bound to the ••apothecary; and, that the intestate had acted in the character of a volunteer.
The jury, penetrated by a sense of the injustice likely to result, rejected and disregarded the instructions of the court, and found a' verdict' for the plaintiff. A motion was‘made for a new trial, and a new. trial was granted by the court. The plaintiff fifed exceptions to the opinions of the court, in giving the instruction to find as in case'of a non-suit, and in awarding a new trial.
We are of opinion, that the courtefredin giving the instruction to the jury. The facts proved, were such as might well warrant the jury in coming to the conclusion, that the plaintiff’s intestate was bound to pay the apothecary, for the medicines. The defendant’s letter proves, that he was a stranger in Philadelphia-. *155 If not, why ask a recommendation? The presumption is violent, that the medicines were purchased on the credit of the intestate, or on faith, in his .recommendation.
Medicines sold to def’t. on faith, in pl’tffs recommendation of him, if def’t. fail to pay for, them, pl’tff. may, and support as-sumpsit for money laid-out.and expended for def’ts. ifse.
If pl’tff. has incurred legal obligation for •benefit of def’t. & at hii instance,discharge of . such obligation, by paying money, is groHnd of as-sumpsit, for money laid out and expended, for • use of def’t.
New trial should not be granted,because jury disregarded erroneous in-stractionSt
Under such circumstances, upon the default of the defendant, upon his failure to. comply with the- promises contained in his letter, we think the plaintiff’s intestate was warranted by principles of law, to discharge the debt, which had been contracted for the medicines, and which ought to have been paid by the defendant; and then, to look to the defendant for remuneration. The intestate was not a mere volunteer in the business; on the contrary, he was duly enlisted, and taken into this service in its commencement,¡by the defendant; and shall he, after he has used the intestate for his benefit, so far as to get possession of the, drugs and medicines, then be permitted to protest; against the intestate, going on to secure and redeem his own credit and character, pledged byhis recommendation of the defendant, as a man of trust worthy reputation? We think every principle of moral honesty, revolts at such conduct to a friend; and-we are of opinion, that the law-is in unison with morality, in such a case. .
The evidence conduces to prove, that the plaintiff’s intestate, had incurred a legal obligation, for the benefit of the defendant, and at his instance. The discharge of. such an obligation, by paying the money, is a good foundation, uporn which, .to support a count in assumpsit, for money laid out and expended, for his use, and at his request. > Every view which we have taken, leads to the conclusion, that the plaintiff’s intestate was not a mere volunteer; and therefore, the court erred in giving the instruction, to find as in case of a non-suit. . The verdict of the jury, was therefore, correct, and ought not to have been set aside, for the purpose of granting a new trial. ,
The jury should conform to the instructions of the court, upon matters of law; but.if it appears to this tribunal, that the -instructions, were;erroneous,- we will not disregard a finding, contrary to such erroneous instructions. Such finding will be sufficient to justify a final judgment.
Crittenden, for appellant; Marshall, for appellee.,
The foregoing view of the case, relieves us from an investigation of the proceedings, had subsequent, to the granting the new trial, further than to remark, that the whole of those proceedings should he disregarded, because the court erred in granting the- new trial.
Wherefore, the judgment o.f the circuit court, in behalf of the defendant, is reversed, and set aside, and the cause remanded, with directions to enter judgment upon the verdict, in behalf of the plaintiff.
The appellant must recover her costs-.